[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this personal injury action tried to the Court, the plaintiff seeks to recover from the defendant for injuries she received in a fall on defendant's property.
At the conclusion of the plaintiff's evidence, the defendant moved for a judgment of dismissal on the grounds that the plaintiff had failed to make out a prima facie case in that she had failed to prove that the defendant had notice of the defective condition of which she complains.
While this is a very close call, the Court finds in the plaintiff's testimony sufficient facts from which it can draw the inference that the wet leaf particles had accumulated in the area and had been there for a sufficient period of time to put the defendant on notice of the existence of a potentially hazardous condition. Specifically, the Court is referring to the statements that after slipping and falling, the plaintiff noticed leaves in the area where she fell. They appeared cut and clumped together. They had been run over. They were not whole leaves but particles and were clumped together. CT Page 11521
The plaintiff fell on October 31, 1991 during a period of rain or mist and it had been raining all day. There was wind blowing.
The Court finds that the plaintiff has sustained her burden of proof that the defendant was negligent in permitting the accumulation of wet leaf particles in a place of heavy travel by business invitees and this condition caused the plaintiff to fall.
In determining the extent and permanence of the plaintiff's injuries, one encounters difficulty because of the plaintiff's unfortunate involvement in several motor vehicle accidents. The defendant has claimed some of the physical injury complained of here was incurred in at least one other episode. To further muddy the waters, there are apparent omissions and contradictions in the various medical reports, including the defendant's independent medical examination summary.
The defendant also alleges the plaintiff was negligent in failing to keep a proper lookout, etc. and argues that all of her complaints are subjective and that there are contradictions between her direct testimony and her deposition testimony. Finally, the defendant has produced a compensation claim form filed by the plaintiff in which she seems to indicate her use of heavy floor polishing and sanding equipment. The defendant asks the Court to infer from this that the plaintiff's right hand and arm injury have a basis in that activity.
The plaintiff's medical specials total almost $7,000 and there is also a 10% disability of the right master arm. The 5% disability of the lumbar spine is questionable in light of the other accidents and factual discrepancies referred to above.
The conclusion of the Court is that the fair and reasonable value of this case is $36,000, that the plaintiff was guilty of contributory negligence to the extent of 33 1/3% and that the sum of $24,000 represents fair and equitable compensation for these injuries, taking into account pain and suffering and the overall impact on the plaintiff. The plaintiff may therefore recover the amount of $24,000 from the defendant, plus taxable costs. Judgment may so enter.
There having been filed an offer of judgment by the plaintiff on October 2, 1992 and said date being less than 18 months form CT Page 11522 the date of the filing of the complaint on January 24, 1992, interest at the rate of 12% per annum may be added to the $24,000 recovered by the plaintiff and is added to the judgment for the plaintiff. Said sum, computed to the date of judgment, October 2, 1995, is $11,440.
Anthony V. DeMayo State Trial Referee